IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                                                          NO. 5:98CR30-SPM/AK

TOD STEVEN FAUGHT,

        Defendant.

**ORDER**

      This cause is before the Court on Defendant Tod Steven Faught's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with supporting affidavit. Doc. 173 and 183. Also pending are Defendant's numerous motions to supplement, four which involve counsel's alleged ineffective with respect to the witness, Pamela Wilson, Docs, 212, 217, 218, & 228, and two which request consideration of *Blakely* and *Booker*. Docs. 267 & 270. The Government has responded to the motion to vacate, Doc. 185, and Defendant has filed his reply. Doc. 192. At that point, the Court believed this matter to be in a posture for decision.

      However, as the Court has proceeded, it has become concerned about one allegation in particular, namely, that counsel failed to "advise[ ] him of the benefits of pleading guilty [or] the consequences of losing at trial," and that he failed to "advise[ ] him of the Federal Sentencing Guidelines, its application with respect to a conviction entered, whether by guilty plea or jury verdict." Doc. 173, Amended Mem. at 18. He also complains that counsel never "advise[d] him

of any plea offer of the government," *id*. at 19, and that the only time he was offered a plea was immediately before trial when the United States Attorney "came to [the] room and told trial counsel 28, counsel ask[ed] if [Defendant] wanted to plea [and] [Defendant] said no, because [he] did not understand what the United States Sentencing Guidelines was, he thought [the Government] was talking about 28 years not the Sentencing Table Level 28...."  Doc. 183. According to Defendant, if counsel had "constitutionally advised him, he would have pled guilty."  Doc. 173, Amended Mem. at 18.

In response, counsel states that he "repeatedly discussed" the Guidelines with Defendant, "including repeated reviews of the table in the back of the guidelines, and the application of enhancements, including role and the like."  Doc. 185, Ex. 9.  He maintains that he never guaranteed Defendant "what his sentence might be, and at all times (at least six different occasions) referred to the Sentencing Guidelines in the case," and that, in response to Defendant's query, he advised him that the only chance he had for receiving a sentence of less than five years was by cooperating.  *Id*.  In support of his affidavit, counsel attached a draft of a Memorandum of Interview  from the Internal Review Service, which states that Defendant advised agents that "he would have to serve five years in jail" and that he was willing to "make telephone calls directly to three cartel leaders to set up money laundering deals."  *Id*.  The Court is thus at a loss as to how the Government can say that he "declined cooperating."  Doc. 185 at 28.

Section 2255 "provides that the court *shall* conduct a hearing–regardless of whether one is requested–if the court cannot determine conclusively the issue before it based on the 'files and records of the case.'"  *Humphrey v. United States*, 888 F.2d 1546, 1549 (11th Cir. 1989)

(emphasis in original).  When the Court is faced with conflicting evidence such as it finds in this case, that is, where the defendant's word is pitted against that of his counsel, and the Court cannot conclusively determine the issue based on the record evidence, the Court must hold an evidentiary hearing, the Eleventh Circuit having specifically rejected a *per se* rule which "'credit[s] counsel in case of conflict.'"  *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999).   From the record presently before the Court, it cannot "determine conclusively" this one allegation of ineffectiveness.  Defendant's allegations obviously implicate the prejudice prong of *Strickland*, since, even if Defendant had pled straight up with neither a plea nor a cooperation agreement and all things had otherwise been equal, he would have guidelined out at a Level 30 or 31 at the very most as he would not likely have been assessed the two points for obstruction of justice and would likely have received an acceptance of responsibility credit of either two or three points.

However, because of the logistical problems associated with transporting Defendant from Salters, South Carolina, where he is presently housed, before the Court schedules a hearing, it will allow the parties one additional opportunity to submit affidavits; law enforcement and counsel memoranda, field notes, or reports; or any other documents opposing or supporting this claim.  After the Court reviews the new evidentiary materials, it will determine whether a hearing is necessary.

Accordingly, it is **ORDERED**:

That, no later than **September 18, 2006**, the parties shall submit any additional evidentiary materials either supporting or opposing Defendant's claim that counsel was ineffective as outlined in the body of this Order.

**SO ORDERED** this __18th__ day of August, 2006.

                                            **s/ A. KORNBLUM**
                                            **ALLAN KORNBLUM**
                                            **UNITED STATES MAGISTRATE JUDGE**