IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                        CASE NO.   5:98cr30-SPM/AK

TOD STEVEN FAUGHT,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation dated March 30, 2007 (doc. 285).  Defendant has been furnished with a copy of the report and recommendation.  In response he has filed a "Motion for Rule 60B" (doc. 288), an amendment thereto (doc. 294), and an "Objection to the Denial of Petitioner's Right to Subpoena Witnesses" (doc. 292).  The Court construes these filings as objections to the report and recommendation.  Defendant has also filed a motion (doc. 289) for extension of time to file an answer (additional objections) to the report and recommendation.  That motion will be denied.  Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court.

After a two-week jury trial in Panama City, Florida, in April of 1999,

Defendant was convicted of sixty-six counts of money laundering. Defendant was sentenced to a total term of 189 months imprisonment, which consisted of 120 months on counts one through four, and 189 months on counts five through sixty-six, to be served concurrently.

Defendant filed a direct appeal. The Eleventh Circuit Court of Appeals found no merit to Defendant's arguments, and affirmed.

Defendant then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant's claims fall into three categories: (1) violation of his rights under Apprendi, Blakely, and Booker, (2) multiple claims of ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel.

**1.    Apprendi, Blakely, and Booker**

As explained in the report and recommendation, Defendant's sentence was not imposed in violation of Apprendi (decided during the pendency of Defendant's direct appeal) because his sentence does not exceed the statutory maximum. See United States v. Sanchez, 269 F.3d 1250, 1262 (11th Cir. 2001). Furthermore, Defendant has no viable Booker and Blakely issues because those decisions are not retroactive to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

### 2. Ineffective Assistance of Trial Counsel

Defendant makes multiple claims of ineffective assistance of counsel based on his trial counsel's alleged failure to: object to evidence, investigate, call witnesses, impeach witnesses, object to misconduct, request a competency hearing for witness, request jury instructions, prepare for trial, accompany Defendant at the presentence report interview, and give proper advice as to the sentencing guidelines and his opportunity to plead guilty.  As explained in the report and recommendation, the deficiencies Defendant attributes to his trial counsel are not deficiencies at all because (1) trial counsel did, in fact, do what Defendant accuses him of failing to do, or (2) trial counsel had a reasonable basis for his actions.  Moreover, even if deficiencies are presumed, Defendant has failed to show a likelihood of prejudice to support any of his claims.  The magistrate judge correctly determined that Defendant is not entitled to relief.

In his objections (doc. 288), Defendant seeks to undermine the credibility of Assistant United States Attorney Randall Hensel and Defendant's trial counsel, Clyde Taylor, by accusing them of making false statements in their affidavits concerning the Court's directions to the parties to discuss plea options before the start of trial.   Specifically, Defendant complains that "Mr. Randy Hensel stated in his affidavit that the Honorable Court never ordered him to attempt a plea agreement with the defense. (false statement)." Doc. 288 at ¶ 1.  Defendant also

CASE NO.: 5:98cr30-SPM/AK


complains that "Mr. Clyde Taylor stated in his affidavit that the Honorable Court never ordered him to attempt a plea agreement with the defense. (false statement)." Doc. 288 at ¶ 4.

Defendant's accusations are belied by the affidavits (docs. 274-2 and 274-3), which contain no such statements by Mr. Hensel or Mr. Taylor.  In his representations of the record and the events that have transpired, Defendant has not been accurate.  Where Defendant's recollection of events materially differs from the recollection of Mr. Taylor and Mr. Hensel, the magistrate judge reasonably credited the testimony of Mr. Taylor and Mr. Hensel.

Based on the record and the testimony at the evidentiary hearing, the magistrate judge concluded that Mr. Taylor gave competent advice to Defendant about his options for going to trial or pleading guilty.  Because the Government did not offer Defendant a negotiated plea that provided for a specific term of imprisonment, Defendant's only options were to (1) go to trial or (2) plead straight up to the charges.  In either event, Mr. Taylor could only provide a rough estimate of how much time Defendant faced based on a calculation of the guideline range, which Mr. Taylor calculated with reasonable accuracy and discussed with Defendant.  Mr. Taylor could provide no assurance that Defendant would qualify for a reduction of his sentence if he cooperated in the prosecution of others.  Defendant, moreover, did not want to cooperate because

he was concerned about his safety, and the safety of his family and relatives in Columbia.

The Court recognizes that Defendant was placed in a difficult position in deciding whether to plead guilty or to proceed to trial.  But that difficulty was not due to any deficiency in Mr. Taylor's advice.

### 3.    Ineffective Assistance of Appellate Counsel

Defendant alleges that his appellate counsel was ineffective for failing to (1) raise an Apprendi argument on direct appeal, (2) argue that Defendant did not structure transactions to evade reporting requirements, (3) argue about the jury instructions, and (4) argue about the admission of co-conspirator statements. These claims echo the claims made against trial counsel and are fully discussed in the report and recommendation.   Because the claims are without merit, appellate counsel was not ineffective for failing to argue them on appeal.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.    Defendant's motion for extension of time (doc. 289) is denied.

2.    The Magistrate Judge's report and recommendation (doc. 285) is adopted and incorporated by reference into this order.

3.    Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (doc. 173) is denied.

CASE NO.: 5:98cr30-SPM/AK

4.   Defendant's application for issuance of subpoena and further evidentiary hearing (doc. 282) is denied.

DONE AND ORDERED this 7th day of May, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 5:98cr30-SPM/AK